IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC, <br><br>　　　　PLAINTIFF, <br><br>v. <br><br>PALM, INC., *et al.,* <br><br>　　　　DEFENDANTS. | CIVIL ACTION NO. 2–08-CV-292 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT RESEARCH IN MOTION CORPORATION'S**
**ANSWER TO PLAINTIFF ALOFT MEDIA, LLC'S FIRST AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Research In Motion Corporation ("RIM Corp.") files the following answer,

affirmative defenses, and counterclaims in response to Plaintiff Aloft Media, LLC's ("Aloft's")

First Amended Complaint for Patent Infringement ("Complaint").

**ANSWERS TO ALOFT'S ALLEGATIONS OF PATENT INFRINGEMENT**

RIM Corp. answers the allegations in the separately numbered paragraphs of Aloft's

Complaint as follows:

1.　　RIM Corp. is without sufficient information to form a belief as to the truth or

falsity of the allegations in Paragraph 1 and therefore denies same.

2.　　RIM Corp. is without sufficient information to form a belief as to the truth or

falsity of the allegations in Paragraph 2 and therefore denies same.

3.　　RIM Corp. is without sufficient information to form a belief as to the truth or

falsity of the allegations in Paragraph 3 and therefore denies same.

4.　　RIM Corp. is without sufficient information to form a belief as to the truth or

falsity of the allegations in Paragraph 4 and therefore denies same.

5.      RIM Corp. admits the allegations of Paragraph 5.

6.      RIM Corp. admits the allegations of Paragraph 6.

7.      RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies same.

8.      RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies same.

9.      RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies same.

10.     RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegation in Paragraph 10 and therefore denies same.

11.     RIM Corp. admits that this Court has subject matter jurisdiction over the present action.  RIM Corp. otherwise denies the allegations of Paragraph 11.

12.     With regard to the allegations of Paragraph 12, RIM Corp. denies that RIM Ltd. or RIM Corp. has committed any acts of infringement as alleged in Aloft's complaint.  RIM Corp. is without information sufficient to admit or deny any allegations by Aloft of infringement by any Defendants (as identified in the Complaint) other than RIM Ltd. and RIM Corp. and therefore denies same.  RIM Corp. denies conducting business, in this district, underlying the allegations of this complaint.  RIM Corp. admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) for this case.  RIM Corp. denies all other allegations of Paragraph 12.

13.     With regard to the allegations of Paragraph 13, RIM Corp. admits that RIM Corp. is subject to personal jurisdiction in this district for purposes of this action.  RIM Corp. consents

to personal jurisdiction in this action.   RIM Corp. denies that RIM Corp. or RIM Ltd. has committed any of the infringements alleged in the Complaint.   RIM Corp. denies all other allegations of Paragraph 13 to the extent that they are directed to RIM Corp. or RIM Ltd.   RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 13 relating to Defendants other than RIM Corp. and RIM Ltd. and therefore denies same.

14.     With regard to the allegations of Paragraph 14, RIM Corp. admits that on December 4, 2007, United States Patent No. 7,305,625 ("the '625 patent") was issued by the United States Patent and Trademark Office and that the '625 patent is entitled "Data Networking System and Method for Interfacing a User."   RIM Corp. further admits that a copy of the '625 patent was attached to the Complaint as Exhibit A.   RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 and therefore denies same.

15.     RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore denies same.

16.     RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore denies same.

17.     With regard to the allegations of Paragraph 17, RIM Corp. admits that RIM Corp. has offered for sale and sold devices, including BlackBerry models 8820 and 8320, in the United States.   RIM Corp. denies all other allegations of Paragraph 17.

18.     RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore denies same.

19.     RIM Corp. is without sufficient information to form a belief as to the truth or

falsity of the allegations in Paragraph 19 and therefore denies same.

      20.    RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore denies same.

      21.    RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore denies same.

      22.    RIM Corp. denies all allegations of Paragraph 22 relating to RIM Corp. and RIM Ltd.  RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 22 concerning Defendants other than RIM Corp. and RIM Ltd. and therefore denies same.

      23.    RIM Corp. denies all allegations of Paragraph 23 relating to RIM Corp. and RIM Ltd.  RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 23 concerning Defendants other than RIM Corp. and RIM Ltd. and therefore denies same.

      24.    RIM Corp. denies all allegations of Paragraph 24 relating to RIM Corp. and RIM Ltd.  RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 24 concerning Defendants other than RIM Corp. and RIM Ltd. and therefore denies same.

## RESPONSE TO ALOFT'S PRAYER FOR RELIEF

      The allegations in the paragraph requesting relief are in the nature of prayer.  Although no answer is required, RIM Corp. responds to the individual requests for relief as follows:

      A.    With respect to Aloft's prayer for judgment of direct or inducing or contributory infringement against RIM Corp. and RIM Ltd., RIM Corp. denies that Aloft is entitled to such judgment.  With respect to Aloft's requested judgment against and relief from Defendants other

than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that Aloft is entitled to the requested judgment and relief.

B.      With respect to Aloft's prayer for a judgment and order against RIM Corp. and RIM Ltd. for damages, costs, expenses, and prejudgment and post judgment interest, RIM Corp. denies that Aloft is entitled to the requested damages, costs, expenses, and prejudgment and post judgment interest and denies any and all liability for Aloft's claims.  With respect to Aloft's requested judgment against and relief from defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that Aloft is entitled to the requested judgment and relief.

C.      With respect to Aloft's prayer for judgment and relief against RIM Corp. and RIM Ltd., RIM Corp. denies that Aloft is entitled to the requested finding that this is an exceptional case or to the requested attorney's fees and denies any and all liability for Aloft's claims.  With respect to Aloft's requested judgment against and relief from Defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that Aloft is entitled to the requested judgment and relief.

D.      RIM Corp. denies that Aloft is entitled to any other relief from RIM Corp. or RIM Ltd. in this case.  RIM Corp. is without information sufficient to for a response with regard to Aloft's prayer for "any and all other relief" from Defendants other than RIM Corp. and RIM Ltd. and therefore denies same.

## DEFENSES AND AFFIRMATIVE DEFENSES

### Non-Infringement

1.      Upon information and belief, RIM Corp. has not infringed and does not infringe any of the claims of U.S. Patent No. 7,305,625 ("the '625 patent"), literally, under the doctrine of

equivalents, directly, contributorily, by inducement, or in any other manner.

## **Patent Invalidity**

2.      Upon information and belief, each of the claims of the '625 patent is invalid for failing to comply with one or more of the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## **Prosecution History Estoppel**

3.      Upon information and belief, because of proceedings in the PTO during the prosecution of the applications which resulted in the '625 patent, as shown by the respective prosecution histories thereof, Aloft is estopped to claim a construction of any term of the '625 patent that would cause any valid claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by RIM Corp., either literally or under the doctrine of equivalents.

## **No Irreparable Harm**

4.      Aloft is not entitled to injunctive relief because any injury to Aloft as a result of RIM Corp.'s alleged activities is not immediate or irreparable, and Aloft has an adequate remedy at law.

WHEREFORE RIM Corp. prays that this Court dismiss Aloft's action and enter judgment that Aloft take nothing on its claims against RIM Corp. and award RIM Corp. its attorney's fees and costs of defending this action and such other and further relief as it may be entitled.

DM_US:21444947_1

## COUNTERCLAIMS

### Parties

1.      Research In Motion Corporation ("RIM Corp.") is a Delaware corporation, having a principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.

2.      Upon information and belief, Aloft Media LLC ("Aloft") is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over RIM Corp.'s counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1338 and 1331.   A real, immediate, and justiciable controversy exists between RIM Corp. and Aloft.  The controversy relates to the invalidity and non-infringement of the '625 patent.  Aloft has accused RIM Corp. of infringing these patents.

4.      As the plaintiff in the above-captioned lawsuit, Aloft has consented to jurisdiction and venue in this Court.

### Count 1:  Declaratory Judgment of Patent Invalidity of the Claims of the '625 Patent

5.      RIM Corp. incorporates by reference each preceding allegation as though expressly stated herein.

6.      Upon information and belief, each of the claims in the '625 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103 and/or 112 and the rules, regulations, and laws pertaining thereto.

DM_US:21444947_1

7.     Accordingly, RIM Corp. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '625 patent is invalid.

**Count 2:  Declaratory Judgment of Non-Infringement of the Claims of the '625 Patent**

8.     RIM Corp. incorporates by reference each preceding allegation as though expressly stated herein.

9.     Upon information and belief, RIM Corp. has not infringed and does not infringe any of the claims of the '625 patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

10.     Accordingly, RIM Corp. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that it has not infringed (and does not infringe) any claim of the '625 patent.

**Count 3:  Attorneys Fees and Costs**

11.     RIM Corp. incorporates by reference each preceding allegation as though expressly stated herein.

12.     RIM Corp. is entitled to a declaration that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling RIM Corp. to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

**JURY DEMAND**

13.     RIM Corp. demands trial by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counter-Plaintiff Research In Motion Corporation prays for the following relief:

(a)     a declaration and judgment that U.S. Patent No. 7,305,625 is invalid;

(b)     a declaration and judgment that U.S. Patent No. 7,305,625  is not infringed by Research In Motion Corporation;

(c)     an award of reasonable attorneys' fees and costs incurred by Research In Motion Corporation in this action; and

(d)     such other and further relief as this Court deems just and proper.

Dated:  September 19th, 2008.

Respectfully submitted,

By:  /s/ Peter J. Chassman
       Peter J. Chassman, **Attorney In Charge**
       Texas Bar No. 00787233
       Email:  chassmanp@howrey.com
       Robert A. Calico III
       Texas Bar No. 24059527
       Email:  calico@howrey.com
       HOWREY LLP
       1111 Louisiana, 25th Floor
       Houston, Texas 77002
       Telephone:   (713) 787-1400
       Facsimile:    (713) 456-2055

       COUNSEL FOR DEFENDANT,
       RESEARCH IN MOTION CORPORATION

OF COUNSEL:

Harry L. "Gil" Gillam, Jr.
Texas Bar No. 07921800
Email:  gil@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 S. Washington Avenue
Marshall, TX, 75670-4157
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

9

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 19th day of September, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


  /s/ Peter J. Chassman